IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GERALD DAVIS FULLER | * | |
| Plaintiff | * | |
| v | * | Civil Action No. WMN-12-43 |
| WARDEN | * | |
| Defendant | * | |
| | *** | |

## MEMORANDUM

Plaintiff's court-ordered supplement was filed on February 23, 2012. ECF No. 4. In it he names as Defendants: Warden Bobby P. Shearin, Lt. Harbaugh, Case Manager Galwen, Warden Kathleen S. Green, Lt. Murphy, COI Rodericks, COII Kenny, Lt. P. Ziolkowski, Housing Unit 4 Odd Classification Counselor, ECI Classification Supervisor, Corizen, Inc., and Unknown Dental Contractor.[1] ECF No. 4 at p. 3. The Clerk will be directed to amend the docket to reflect the Defendants named. The claims asserted are set forth below.

The amended Complaint alleges that on June 12, 2011, Plaintiff, then confined at Eastern Correctional Institution (ECI), was attacked by a correctional officer and an inmate resulting in a broken ankle. After the attack Plaintiff was assigned to segregation and provided no medical treatment; he remained on administrative segregation until August 15, 2011. Plaintiff alleges he did not received medical care at ECI and was subsequently transferred to North Branch Correctional Institution (NBCI) with an injured ankle. He claims he was also suffering a "dangerously low Potassium level" at the time of the injury that "may have been induced by poisoning (deliberate) or negligent prescribing of medication." ECF No. 4 at pp. 4 - 5.

---

[1] For reasons more fully set forth below, the claim regarding Plaintiff's dental care will be dismissed without requiring service on the dental contractor.

Plaintiff further claims that at the time he was placed on segregation all of his property was taken and he was not allowed writing materials, but states at some time "subsequently" he was allowed access to some of his property. He states his property was inventoried and some of his papers were ordered destroyed or required to be sent out of the prison. Plaintiff claims that some of the papers he was required to send out or destroy pertained to active cases. ECF No. 4 at p. 6.

Plaintiff states that on August 15, 2011, he was transferred to NBCI where he was subjected to an "illegal property policy" which required throwing away clothing, boots, office supplies, commissary, and cosmetics. He was also required to mail out his legal papers and documents, transcripts, tapes, radio, headphones, and other items, "without the benefit of a hearing." *Id.* at p. 7.

Plaintiff states that he had an appeal pending in the Maryland Court of Special Appeals at the time he was transferred to NBCI. He explains that a "paralegal researcher and investigator" he has known for over 20 years mailed to him printed covers for his reply brief, carbon paper to make copies, a money order for postage, and paper and pens which arrived on September 2, 2011, but all of the materials have disappeared. He further claims he was unable to make his argument concerning a common law right to appeal and has been unable to access the common law of England as it existed in 1776 or Maryland's common law statutes. He has attempted to file Administrative Remedy Procedure (ARP) complaints regarding these matters, but nobody will collect or process them. *Id.* at p. 8.

Plaintiff further claims that mail he has sent to people with whom he regularly corresponds has apparently not reached them because he has not received a reply. He further states he is not permitted phone calls, his complaints to staff are being ignored, and his ARPs are

not being collected. He claims he is also denied access to his legal documents by virtue of being denied access to his word processor and disk. He claims the word processor was supposed to be replaced by virtue of an order issued by the Circuit Court for Somerset County, Maryland. *Id.* at pp. 9 – 10.

Plaintiff alleges he is subjected to "shoddy medical treatment," claiming he suffers from a painful arthritic right knee. He also states he had a tooth filled on February 9, 2012, which did not hurt at the time it was filled, but following the treatment the entire left side of his head hurts. *Id.* at p. 10.

Plaintiff's claims regarding the confiscation of personal property items without providing a hearing, fail to state a claim upon which relief may be granted and must be dismissed. *See Parratt v. Taylor*, 451 U. S. 527, 542-44 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U. S. 327 (1986) (Due process requires only availability of an adequate post deprivation remedy where property is removed from prisoner's possession), *see also Juncker v. Tinney*, 549 F. Supp. 574, 579 (D. Md. 1982) (Maryland's Tort Claims Act provides such a remedy). To the extent he alleges he was deprived of legal materials and was not given paper and pen with which to write, he states a colorable claim of denial of access to courts provided he can establish he was actually injured by the deprivation. "Ultimately, a prisoner wishing to establish an unconstitutional burden on his right of access to the courts must show 'actual injury' to 'the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.'" *O'Dell v. Netherland*, 112 F. 3d 773, 776 (4th Cir. 1997) *quoting Lewis v. Casey*, 518 U. S. 343, 355 (1996).

Plaintiff's claims regarding mail he sent out to various parties which failed to reach the destination for which they were intended does not state a claim because there is no actual injury

resulting to Plaintiff.  *See Lewis*, 518 U.S. at 349 (actual injury requirement derives from the doctrine of standing).  Those claims shall be dismissed.  With respect to his claim regarding "shoddy medical treatment" and his tooth being filled, Plaintiff has stated, at most, a claim of medical malpractice.  A claim of medical malpractice does not state an Eighth Amendment claim.  "[A]ny negligence or malpractice on the part of . . . doctors in missing [a] diagnosis does not, by itself, support an inference of deliberate indifference".  *Johnson v. Quinones* 145 F. 3d 164, 166 (4th Cir. 1998).   This claim shall also be dismissed.

      Thus, the remaining claims concerning the June 12, 2011 assault, the alleged failure to treat Plaintiff's broken ankle, the denial of access to courts by virtue of denying access to legal materials and writing materials, and the alleged retaliation through failure to process Plaintiff's ARP complaints, will go forward.  A separate Order partially dismissing the complaint and directing service follows.

                                                                                  /s/

 3/8/2012  
Date                                                             William M. Nickerson  
                                                            Senior United States District Judge